IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD LYNN WADSWORTH, 09085522, ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | No. 3:10-CV-220-O | |
| ) | | |
| LARRY BOYD, ET AL., ) | | |
| Defendants. ) | | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Parties**

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se*, and the Court has granted him permission to proceed *in forma pauperis*. Defendants are Police Chief Larry Boyd, Detective Remington, Unknown Officers, Leila Torabli, Josa Ruano, Alicia Ingram, and Officers Hock and Morisar.

**II. Background**

Plaintiff states Detective Remington arrested him on false charges, caused a warrant to be issued for him, and is maliciously prosecuting him. Plaintiff states defendants Torabli, Ruano and Ingram have filed false charges against him.

Plaintiff also alleges Officers Hock, Morisar and Unknown Officers used excessive force against him. He states Police Chief Boyd is liable for his officers' unlawful actions. He seeks

**Findings and Conclusions of the**
**United States Magistrate Judge**     Page -1-

money damages.

## III. Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal–(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit.").

Both § 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is frivolous or fails to state a claim upon which relief may be granted. A complaint is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## IV. Discussion

**1.     Police Chief Boyd**

Plaintiff seeks to sue Police Chief Boyd. He states Defendant Boyd is liable as a

supervisor of certain police officers. To be liable under § 1983, an individual must be personally involved in the acts causing the deprivation of a person's constitutional rights. *See Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). It is well settled that supervisory officials cannot be held vicariously liable for their subordinates' actions under § 1983. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-95 (1978); *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988); *Thibodeaux v. Arceneaux*, 768 F.2d 737, 739 (5th Cir.1985) (per curiam). Supervisory officials may be held liable only if they (i) affirmatively participate in acts that cause constitutional deprivation, or (ii) implement unconstitutional policies that causally result in plaintiff's injury. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987); *see also Grandstaff v. City of Borger*, 767 F.2d 161, 169-70 (5th Cir. 1985).

Plaintiff's complaint fails to allege a sufficient causal connection between Defendant Boyd's alleged conduct and any constitutional violation. *See Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir.1987). "As a prerequisite [to § 1983 liability], a plaintiff 'must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged.'" *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005) (quoting *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995)); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."); *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983) (same). Therefore, the claims against Defendant Boyd should be dismissed.

**2.     Unknown Officers**

Plaintiff names "Unknown Officers" as defendants. The Court is unable to serve process on these unknown Defendants. These Defendants should therefore be dismissed without

prejudice. If Plaintiff is able to identify these Defendants sufficiently for summons to issue, he may amend his complaint, so long as his claims are still within the statute of limitations.

3.     *Heck v. Humphrey*

Plaintiff claims Officer Remington arrested him on false charges, wrongfully caused a warrant to be issued for him and that Remington is maliciously prosecuting him. Plaintiff alleges Defendants Torabli, Ruano, and Ingram have conspired with Remington to file false charges. These charges are currently pending.

In *Heck v. Humprey*, 512 U.S. 477 (1994), the Supreme Court held that a § 1983 claim attacking the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. *Heck* also bars damage claims, which, if successful, would necessarily imply the invalidity of a conviction or pending charge. *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).

Plaintiff's claim for damages is clearly connected to the legality of the pending charges. The charges have not been dismissed or otherwise invalidated. (*See* Answer No. 2, Magistrate Judge's Questionnaire.) Hence, no § 1983 cause of action has yet accrued and these claims should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

2.     **Excessive Force**

Plaintiff claims that Officers Hock and Morisar used excessive force against him. He

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -4-

states these officers kicked him in his back, shot him with a taser three times and crushed the orbital of his right eye. He states he is scheduled for surgery as a result of these injuries.

Taking Plaintiff's allegations as true, the Court is unable to determine at this point that Plaintiff's allegations are frivolous. The Court finds that Plaintiff's claims against Officers Hock and Morisar should proceed and process should be issued as to these Defendants.

**RECOMMENDATION**

The Court recommends that: (1) Plaintiff's claims of excessive force against Officers Hock and Morisar should proceed and process should be issued as to these Defendants; (2) Plaintiff's claims against Police Chief Boyd should be dismissed as frivolous; (3) Plaintiff's claims against Unknown Officers should be dismissed without prejudice; and (4) Plaintiff's claims against Defendants Remington, Torabli, Ruano and Ingram should be dismissed with prejudice until the *Heck* conditions are met.

Signed this 26th day of July, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).