IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD LYNN WADSWORTH, § | | |
| Plaintiff, § | | |
| § | CIVIL ACTION NO. | |
| v. § | 3:10-CV-00220-O-BF | |
| § | | |
| JOHN HOCK and MATTHEW MORISAK, § | | |
| Defendants. § | | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case was referred to the United States Magistrate Judge for pretrial management, including the disposition of non-dispositive motions and findings, conclusions, and recommendations on dispositive motions. Because Defendants bring both dispositive and non-dispositive motions in the same pleading, the Court will enter findings, conclusions, and a recommendation with respect to all of the motions.

Ronald Lynn Wadsworth ("Plaintiff"), currently incarcerated in the Dallas County Jail, is proceeding pro se and *in forma pauperis*. Defendants John Hock and Matthew Morisak ("Defendants") are Police Officers for the City of Irving, Texas. Before the Court for recommendation are Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Alternative Motion for a Rule 7(a) Reply, and Motion to Abate Discovery (doc. 18). Defendants have pled the defense of qualified immunity to Plaintiff's claim pursuant to 42 U.S.C. § 1983 for damages arising from Defendants' alleged use of excessive force during an arrest.

## Standard of Review

In determining whether dismissal should be granted under Rule 12(b)(6), a court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). To defeat the motion, a plaintiff must plead "enough

facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (Citation and footnote omitted.) However, legal conclusions need not be accepted as true. *Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937, 1949 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 544). However, when qualified immunity is raised as a defense, dismissal of an action after giving the plaintiff only one opportunity to state his case may be unjustified. *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986). *See Wicks v. Mississippi State Employment Servs.*, 41 F.3d 991, 997 (5th Cir. 1995).

A government employee may assert the affirmative defense of qualified immunity to a suit for a civil rights violation under § 1983. *White v. Taylor*, 959 F.2d 539, 544 (5th Cir. 1992). Qualified immunity protects government officials performing discretionary functions from suit and liability for civil damages--to the extent their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The doctrine protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Immunity questions should be resolved at the earliest possible stage in the litigation because qualified immunity extends

to immunity from suit, not merely immunity from liability. *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

A court considering whether a defendant is entitled to qualified immunity conducts a two-prong inquiry. One prong entails a court's consideration of whether the facts alleged, taken in the light most favorable to the plaintiff, show a violation of a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 200 (2001), *overruled in part by Pearson v. Callahan,* ___ U.S. ___, 129 S. Ct. 808, 818 (2009). The other prong requires a court to determine within the specific context of the case whether the violated constitutional right was clearly established at the time in question. *Id.* at 201. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202. The court has discretion to decide which of the two prongs to address first based upon the circumstances of the case. *Pearson*, 129 S. Ct. at 818; *Lytle v. Bexar County, Tex.*, 560 F.3d 404, 409 (5th Cir. 2009). If the court answers both the constitutional violation and the clearly established question in the affirmative, the officer is not entitled to qualified immunity. *Lytle*, 560 F.3d at 410. Current law applies to the constitutional violation, but the law at the time of the incident applies to the clearly established prong; therefore, two different tests may be applicable in a given case. *See Bush v. Strain*, 513 F.3d 492, 500 (5th Cir. 2008).

The burden is on the plaintiff to disprove a defendant's qualified immunity defense. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009); *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam). To satisfy that burden on a motion to dismiss, the plaintiff must allege facts which show that a defendant violated the plaintiff's constitutional rights

3

and that the violation was objectively unreasonable. *Club Retro, L.L.C.*, 568 F.3d at 194; *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 253 (5th Cir. 2005).

When a public official pleads the defense of qualified immunity, a district court has discretion, under Rule 7(a) of the Federal Rules of Civil Procedure, to require the plaintiff to file a reply specifically tailored to that defense. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). A Rule 7(a) reply is required when a plaintiff pleads only sparse details of claimed wrongdoing by officials. *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999) (citing *Schultea*, 47 F.3d at 1430, 1432, 1434). The court should exercise this narrow discretion when greater detail might assist in vindicating an immunity defense. *Schultea*, 47 F.3d at 1434. If a plaintiff fails to supply sufficient facts to overcome the official's qualified immunity, the court must dismiss the complaint. *Reyes*, 168 F.3d at 161. The court must review the plaintiff's complaint to determine if it alleges with the requisite specificity acts, conduct, or omissions that would make a defendant liable to him to decide whether a Rule 7(a) reply is required. *See, e.g.*, *Henrise v. Horvath*, 94 F. Supp. 2d 765, 766 (N.D. Tex. 2000).

## Analysis

### 42 U.S.C. § 1983-Excessive Force

Claims that law enforcement officers have used excessive force in the course of an arrest, investigatory stop, or other seizure[1] of a free citizen should be analyzed under the Fourth

---

[1] A seizure occurs when an officer "by means of physical force or show of authority, has in some way restrained the liberty of a citizen." *Terry v. Ohio,* 392 U.S. 1, 20 n.16 (1968).

4

Amendment's reasonableness standard.[2] *Graham v. Connor,* 490 U.S. 386, 395 (1989). To state a Fourth Amendment excessive force claim under § 1983, a plaintiff must allege (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable. *See Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999).

Here, Plaintiff alleges that Defendants used excessive force during an arrest, and that he suffered injuries as a result. Whether he has adequately alleged a Fourth Amendment excessive force claim against each Defendant depends on whether he has pled a facially plausible claim that each Defendant's use of force was objectively unreasonable under the circumstances. *See Iqbal,* 129 S. Ct. at 1949; *Graham,* 490 U.S. at 395. Objective reasonableness is "a pure question of law" that is considered after determining the relevant facts. *Scott v. Harris,* 550 U.S. 372, 381 n.8 (2007). To gauge the objective reasonableness of the force used, the courts "must balance the amount of force used against the need for force." *Ramirez v. Knoulton,* 542 F.3d 124, 129 (5th Cir. 2008) (quoting *Flores v. City of Palacios,* 381 F.3d 391, 399 (5th Cir. 2004)). Proper application of this balancing test "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham,* 490 U.S. at 396. The reasonableness inquiry must consider "the fact that police officers are often forced to make split-second judgments–in circumstances that are tense, uncertain, and rapidly evolving–about the amount of force that is necessary in a particular situation."

---

[2]The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures   U.S. Const. amend. IV.

*Id.* at 397. The plaintiff must have suffered an injury that is more than *de minimis* and that must be evaluated in the context in which force was deployed. *See Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001). "Whether an injury is cognizable and whether the use of force is objectively reasonable are inextricably linked questions." *See Flores*, 381 F.3d at 399 n.6. Courts use a balancing test that requires careful attention to the facts and circumstances of each particular case. *See Flores*, 381 F.3d at 391 (citing *Graham*, 490 U.S. at 396).

Under Defendants' version of the facts, they had probable cause to arrest Plaintiff, who was attempting to evade arrest, disobeying lawful orders, and resisting arrest. According to Defendants, they used only the amount of force necessary to enable them to handcuff Plaintiff. Under Plaintiff's version of the facts, which the Court must take as true for purposes of a 12(b)(6) motion, Leola Torabli conspired with the Irving Police to have Plaintiff falsely arrested and assaulted by Police Officers. Plaintiff alleges that Defendants entered his wife's home without a search warrant and began yelling for him to come out or they would shoot to kill. He claims that during the arrest, Defendants began kicking him in the back, causing permanent injury. Plaintiff also alleges that Defendants shot him in the lower back with a 50,000 volt taser three times and rammed Plaintiff's face into the ground, crushing the orbital bone around his right eye. He states that an x-ray at the Dallas County Jail found three herniated discs for which surgery is required.

The Court has reviewed Plaintiff's complaint and, although the facts are sketchy at best, concludes that the Court should deny the Motion to Dismiss. However, the Court must consider Defendant's alternative motions to abate discovery and to require a Rule 7(a) Reply. Plaintiff has named two Defendants, yet he fails to specify the circumstances leading up to his arrest and what each actor allegedly did during the arrest. Plaintiff does not indicate that he was compliant during

6

the arrest. Plaintiff states no facts regarding the actual arrest which would enable the Court to balance the need for force against the reasonableness of the force each Defendant employed. Given the state of the pleadings and the necessity of a Rule 7(a) Reply, the Court finds that Defendants' Motion to Abate Discovery should be granted, and discovery should be stayed except to the limited extent necessary to discover facts related to the qualified immunity claim. *See Wicks*, 41 F.3d at 997; *Lion Boulos v. Wilson*, 834 F.2d 504, 507-08 (5th Cir. 1987). The District Court should require Plaintiff to file a Rule 7(a) Reply stating the facts that would overcome each Defendant's asserted defense of qualified immunity.

### Recommendation

The Court recommends that the District Court deny Defendants' Motion to Dismiss. The Court also recommends that the District Court grant Defendants' Motion to Abate Discovery and to require a Rule 7(a) Reply. The District Court should abate discovery except to the limited extent necessary to discover facts related to the qualified immunity claim. Further, the District Court should order Plaintiff to file, within thirty days of the District Court's acceptance of this recommendation, a Rule 7(a) Reply which sets forth detailed facts regarding what Plaintiff alleges that each Defendant did which violated Plaintiff's clearly established rights of which a reasonable officer would have known.

**IT IS SO RECOMMENDED**, November 4, 2010.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).