IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RONALD LYNN WADSWORTH, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:10-cv-220-O |
| § | |
| LARRY BOYD, et al., § | |
| § | |
| Defendants. § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions and a recommendation ("FCR") in this case. The Magistrate Judge found that Defendants' Motion for Summary Judgment on qualified immunity should be denied as to Plaintiff's excessive force claims, and should be granted as to Plaintiff's claims for unlawful entry without a warrant and denial of medical care. Plaintiff filed objections to the Magistrate Judge's FCR, but Defendants filed none. Accordingly, the Court conducted a *de novo* review of those portions of the FCR to which objection was made, and reviewed the unobjected portions of the FCR for plain error.

Having reviewed Plaintiff's objections, the Court finds that the FCR of the Magistrate Judge are correct. Accordingly, Plaintiff's objections are **OVERRULED**, and the Court **ACCEPTS** the FCR granting Defendants' Motion for Summary Judgment on qualified immunity as to Plaintiff's claims for unlawful entry without a warrant and denial of medical care.

As to the Magistrate Judge's FCR denying Defendant's Motion for Summary Judgment on

qualified immunity as to Plaintiff's excessive force claim, the Court reviews for plain error. The Magistrate Judge found that viewing Plaintiff's verified pleadings in the light most favorable to the Plaintiff, there was a genuine dispute of material fact as to "whether the degree of force applied in effecting the arrest was objectively reasonable." The Court finds that the Magistrate Judge did not commit plain error in finding that a genuine dispute of material fact existed. Accordingly, the Court **ACCEPTS** the FCR denying Defendant's Motion for Summary Judgment on qualified immunity as to Plaintiff's excessive force claim.

In light of the Court's acceptance of the Magistrate Judge's FCR, it is **ORDERED** that trial in this matter is scheduled for **June 18, 2012**. As such, Plaintiff is directed to file with all pretrial materials set out in the Court's November 22, 2010 Scheduling Order (ECF No. 24)–including witness lists, depositions designations, proposed jury charge, proposed voir dire, any motions in limine, and a proposed pretrial order–by **May 25, 2012**. Both parties are directed to file a settlement conference and status report, and exchange trial exhibits, by **May 25, 2012.**

SO ORDERED on this **3rd day** of **May, 2012.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

2